**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLAN DILLARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-0941** |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**KENNEY, J.**                                                           **MARCH 15, 2022**

Plaintiff Allan Dillard, an inmate at SCI Dallas, filed this civil rights action *pro se*

asserting claims against the City of Philadelphia and former Philadelphia police officer Reginald

Graham.  Dillard seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court

will grant Dillard leave to proceed *in forma pauperis* and dismiss his claims against the City of

Philadelphia without prejudice for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).  Dillard will be given the option of amending his Complaint or proceeding

only against Defendant Graham.

**I.      FACTUAL ALLEGATIONS**

Dillard's allegations are easily stated.  In 2003, he was arrested and charged with drug

offenses during a raid led by Graham.  (Compl. at 12; s*ee also Commonwealth v. Dillard*, CP-51-

CR-0704891-2003 (C.P. Philadelphia)).[1]  Although he entered a guilty plea, those charges were

later *nolle prossed* on November 1, 2019 after Dillard had already completed his sentence.[2]

(Compl. at 13.)  The public record indicates that Dillard was present in the courtroom for that

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Dillard is currently incarcerated on unrelated charges.

proceeding.  He alleges that "on or around March 9, 2020 [he] received limited information in regards to the investigation that resulted in the District Attorney's Office dropping all charges." (*Id*.)  He asserts that Graham conducted the 2003 drug raid based on fabricated information supplied by a confidential informant.  (*Id*. at 12-13.)  Dillard alleges the fabricated information was used by the City of Philadelphia and Graham to "further their involvement in criminal corruption."  (*Id*. at 14.)  He asserts the City is liable based on the doctrine of *respondeat superior* along with Graham for violations of Dillard's constitutional rights.  (*Id*. at 15.)  He seeks compensatory and punitive damages.[3]  (*Id*. at 16.)

## II.    STANDARD OF REVIEW

The Court will grant Dillard leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Dillard's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the

---

[3]  Dillard also seeks a declaration that his rights were violated.  (Compl. at 16.) Declaratory relief is unavailable to adjudicate past conduct, so his request for this declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84; *see also Taggart v. Saltz*, 855 855 F. App'x 812, 815 (3d Cir. 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[4]  However, because Dillard is a prisoner, he must still pay the $350 filing fee in installments as required by the Prison Litigation Reform Act.

plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Dillard is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Dillard has named the City of Philadelphia as a Defendant based on the doctrine of *respondeat superior*. Local governments can be liable as "persons" under § 1983, however, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality

3

cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") (emphasis in original). Because there is no *respondeat superior* for municipal liability under § 1983, the claim against the City of Philadelphia is dismissed.

  The dismissal will be without prejudice and Dillard will be afforded an opportunity to file an amended complaint.  While a claim against the City based on *respondeat superior* is not plausible, the Court cannot say at this time that Dillard can never assert a plausible claim for municipal liability.  To plead a plausible basis for liability against a municipal entity such as the City of Philadelphia, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).  For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted).  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*,

No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

As the United States Court of Appeals has stated,

> If the alleged policy or custom at issue is a failure to train or supervise (as it is here), the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (quoting *Carter v. City of Phila.*, 181 F.3d 339,357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights" — i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020). Because Dillard fails to allege that his injuries were caused by a policy or custom of the City of Philadelphia, his claim is not plausible as pled.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Dillard leave to proceed *in forma pauperis* and dismiss his claim against the City without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Only Dillard's claim against Defendant Graham passes statutory screening.  Because the Court cannot say at this time that Dillard cannot cure the defects in his claim against the City of Philadelphia, he will be granted the option of filing an amended complaint to attempt to assert a plausible basis for municipal liability or advise the Court that he seeks to proceed only on the claim against Defendant Graham.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**