IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLAN DILLARD<br>Plaintiff, | CIVIL ACTION |
| v. | NO. 22-CV-0941 |
| CITY OF PHILADELPHIA, et al.,<br>Defendants. | |

## AMENDED COMPLAINT

Plaintiff, Allan Dillard, pro se, files this Amended Complaint pursuant to the Court's March 15, 2022 Order, bringing this civil action against the City of Philadelphia and former Philadelphia police officer Reginald Graham for the deprivation of Plaintiff's constitutional rights with deliberate indifference.

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue is appropriate in this jurisdiction/judicial district because the facts complained of herein occurred in this judicial district, and this Amended Complaint arises under the laws of the United States and seeks redress for violations of federal laws.

## PARTIES

2. Plaintiff, Allan Dillard, is a prisoner currently housed at SCI-Dallas and is serving a term of life imprisonment without the possibility of parole for a murder conviction.

3. Defendant, City of Philadelphia, doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

4. Defendant, former Philadelphia police officer, Reginald Graham, who at all times herein, was employed at the Philadelphia Police Department. Defendant is sued both individually and in his official capacity.

## FACTUAL BACKGROUND

5. In 2003, Plaintiff was arrested and charged with drug offenses during a raid led by then, police officer Graham, see Com. v. Dillard, CP-51-CR-0704891-2003.

6. Plaintiff entered a guilty plea but said charges were later nolle prossed on November 1, 2019 after Plaintiff had already completed his sentence.

7. Plaintiff was absolutely not present in the courtroom for that proceeding, on November 1, 2019.

8. On or around March 9, 2020 Plaintiff received limited information in regards to the investigation that resulted in the District Attorney's Office dropping all charges.

## MUNICIPAL LIABILITY

9. The City of Philadelphia is liable based on their failure to supervise and/or train their employees properly, see Staff Inspector Debra Frazier v. City of Philadelphia d/b/a Philadelphia Police Department, et al. No. 2:17-cv-05421-WB.

10. "Flipping" is a course of conduct, although not specifically endorsed or authorized by law, is well-settled and permanent as virtually to constitute law.

11. Plaintiff's arrest was solely based on fabricated information from a Confidential Informant.

12. Through "flipping" Commanding Officers expect and require officers to obscure the source of recovered narcotics if an arrestee is willing to provide information by falsifying the property receipt required pursuant to the arrest, which circumvents the approved Confidential Informant Directive that is currently in place in the Department of policing in Philadelphia.

13. Plaintiff's charges were dropped due to the aforementioned custom and erroneous information that led to his unlawful arrest.

14. The failure of the City of Philadelphia to provide supervision and/or training resulted in a deliberate indifference to Plaintiff's constitutional rights.

<u>VIOLATION OF PLAINTIFF'S CIVIL RIGHTS</u>

15. Plaintiff's Fourth Amendment right to the United States Constitution was violated due to Defendants' illegal search and seizure and/or probable cause for his unlawful arrest.

16. Plaintiff's Fifth Amendment right to the United States Constitution was violated due to Defendants' illegal deprivation of Plaintiff's liberty.

17. Plaintiff's Sixth Amendment right to the United States Constitution was violated when he accepted an unlawfully induced guilty plea based on fabricated evidence.

18. Plaintiff's ~~Eight~~ Eighth Amendment right to the United States Constitution was violated due to the cruel and unusual punishment of Plaintiff completing an illegal sentence.

19. Plaintiff's Fourteenth Amendment right to the United States Constitution was violated due to Defendants' illegal deprivation of Plaintiff's protected equal protection of law.

4

20. Defendants' course of conduct was the proximate cause of Plaintiff's injury due to the "flipping" custom.

21. Such failure to supervise and/or train are actionable against the City of Philadelphia, a municipal entity, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

22. Defendants, while acting under color of law, deprived Plaintiff of his civil rights, which caused him to suffer emotional distress, and have sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

23. Said violations would detrimentally affect a reasonable person under similar circumstances.

24. Said violations were done intentionally and/or knowingly with malice or gross reckless indifference, and warrant the imposition of punitive damages.

25. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

26. As such, Plaintiff has and continue to suffer damages as set forth herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages in connection with Defendant's improper conduct and specifically prays that this Honorable Court grant the following relief to Plaintiff:

a) declaring the acts complained of herein to be in violation of Section 1983;

b) entering judgment against the Defendants and in favor of Plaintiff in an amount to be determined;

c) awarding compensatory damages to make Plaintiff whole for all lost wages/earnings;

d) awarding compensatory damages for Plaintiff's pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff have and continue to suffer as a result of Defendants' improper conduct;

e) and awarding punitive damages to Plaintiff.

Dated 3-21-22

Respectfully submitted,
allen Dillard

6

Allan Dillard #-------
SCI Dallas
1000 Follies Road
Dallas, Pa., 18612-0286

Clerk of the Court
United States District Court
601 Market Street
Philadelphia, Pa., 19106

RECEIVED
MAR 28 2022

'Inmate mail'

ZIP 18612
02 4W
0000356685 MAR 23 2022
US POSTAGE $001.96