IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLAN DILLARD,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| *Defendants.* | : | **NO. 22-cv-941** |

**O R D E R**

**AND NOW,** this **25th** day of **April 2024**, after review of the docket, it is hereby **ORDERED** that:

1. The Amended Complaint filed on April 15, 2024 (ECF No. 32) is **STRUCK** and the Amended Complaint filed on March 28, 2022 (ECF No. 7) remains the operative complaint.[1]

2. Allan Dillard is provided an additional sixty (60) days (on or before **June 25, 2024**) to complete and file a USM-285 form with a full and correct address for Defendant Reginald Graham, so that the Marshals can serve Defendant Graham with the summons and Amended Complaint (ECF No. 7). Failure to complete file this form in its entirety on or before **June 25, 2024**, may result in dismissal of Defendant Graham from this case.[2]

---

[1] The Amended Complaint filed on April 15, 2024, is struck under Fed. R. Civ. P. 12(f), which permits a court, on its own, to strike any redundant matter. Dillard's newly filed Amended Complaint is a carbon copy of the Amended Complaint (minus three missing pages) that Dillard filed on March 28, 2022 (ECF No. 7), and which the City of Philadelphia has answered (ECF No. 31). Therefore, the Amended Complaint at ECF No. 7 remains the operative complaint.

[2] Dillard was ordered on February 22, 2024 (ECF No. 27) to complete a USM-28 form, providing an updated and correct address for Defendant Reginald Graham so that the Marshals can serve the summons and Amended Complaint. Dillard filed a USM-28 as ordered (ECF No. 33), but the form does not provide a complete and accurate address for Defendant Graham; Dillard enters only "last

BY THE COURT:

/s/ Chad F. Kenney

_____

**CHAD F. KENNEY, JUDGE**

---

known address," "Philadelphia Police Headquarters, City of Philadelphia" as Graham's address. This address is too general for the Marshals to properly serve Graham. Under Fed. R. Civ. P. 4(m), the Court may extend the time for service for an appropriate period, if the plaintiff can show good cause. Considering Dillard's pro se status, the Court grants an additional sixty (60) days for Dillard to locate a full and accurate address for Graham and file a completed USM-28 form. Failure to do so may result in Graham being dismissed from this case, without prejudice.